DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>(Rural Development),<br><br>Plaintiff,<br><br>v.<br><br>ORSEL R. EDNEY and DELTA EDNEY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2014-0071<br>)<br>)<br>)<br>)<br>) |

**Attorneys:**
**Angela P. Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
   *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" (the "Motion") filed by Plaintiff United States of America (Rural Development) ("Plaintiff" or the "United States") against Defendants Orsel R. Edney and Delta Edney (the "Edneys"). (Dkt. No. 10). For the reasons discussed below, the Court will grant the United States' Motion for Default Judgment against the Edneys.

### I.   BACKGROUND

On September 29, 2014, Plaintiff filed a Complaint for debt and foreclosure against the Edneys. (Compl., Dkt. No. 1). The United States alleged that, on January 19, 1990, the Edneys executed and delivered to Plaintiff, acting through Rural Development (formerly known as the Farmers Home Administration, an agency of the U.S. Department of Agriculture), a Promissory Note (the "Note") in which they promised to pay the United States $65,000.00, plus interest at the

rate of 8.75% per annum, and to pay $502.00 in monthly installments beginning on February 19, 1990. *Id.* ¶ 6. As security for payment on the Note, on January 19, 1990, the Edneys executed and delivered to the United States a Mortgage encumbering the following property ("the Property") described as:

> Plot No. 102 of Estate Little Princess, Company Quarter, consisting of 0.2300 U.S. acre, more or less, as more fully described on Public Works Drawing No. 3190, dated November 8, 1974.

*Id.* ¶ 7. The Complaint alleged that, on January 19, 1990, the Edneys also entered a Subsidy Repayment Agreement with the United States, providing for the United States to recapture interest credits granted to the Edneys upon foreclosure of the Mortgage. *Id.* ¶ 8.

The Complaint further alleged that, on July 2, 2007, a Stipulation for Judgment and Decree of Divorce Absolute was entered in the Superior Court of the Virgin Islands dissolving the marriage of Orsel R. Edney and Delta Edney. *Id.* ¶ 9. Pursuant to the terms of a Settlement Agreement reached in the divorce action, Orsel R. Edney quitclaimed all of his interest in the Property to Delta Edney on August 24, 2007, although Orsel R. Edney remained obligated to repay the Note and Mortgage. *Id.* ¶ 10.

The Edneys defaulted under the terms and conditions of the Note and Mortgage by failing to pay the monthly installment due on August 23, 2007 and all subsequent installments. As a result, Plaintiff declared the entire amount of the indebtedness evidenced by the loan documents to be immediately due and payable, and demanded payment. As of the date of the Complaint, the default had not been cured. *Id.* ¶¶ 11-13.

The Complaint provided that the following sums were due under the Note as of March 31, 2014: $51,504.64 in principal, $30,176.07 in interest, and $5,737.71 in costs and fees, for a total

of $88,631.05. That sum accrues interest at the rate of $12.3470 per diem until the date of Judgment, and at the legal rate of interest, pursuant to 28 U.S.C. § 1961, thereafter. *Id.* ¶ 14.

The United States sought judgment against the Edneys, *inter alia*, for all amounts due under the Note and foreclosure of the Mortgage. The United States also sought judgment declaring that the United States has a first priority lien against the Property. *Id.* at p. 5.

Orsel R. Edney executed a Waiver of Service which was filed on October 15, 2014 (Dkt. No. 3), and Delta Edney executed a Waiver of Service which was filed on November 10, 2014. (Dkt. No. 4). Neither Defendant answered the Complaint within the sixty-day timeline provided in the waiver and, on January 28, 2015, the Clerk of Court entered default against Orsel R. Edney and Delta Edney. (Dkt. Nos. 7 and 8, respectively).

On April 17, 2015, the United States filed the instant Motion for Default Judgment against Defendants Orsel R. Edney and Delta Edney. (Dkt. No. 10). In its Memorandum in Support of its Motion, the United States contended that it is authorized to foreclose on the Property because: (1) the Edneys executed and delivered the Note and Mortgage to the United States, in which they promised to pay the debt owed, and pledged the Property as security for the debt; (2) the Edneys agreed that the United States would recoup any subsidies provided to them in the event of default; and (3) the United States sent a Notice of Default, Acceleration of the Mortgage and Demand for Payment to the Edneys at the address they provided. (Dkt. No. 11). The United States also asserted that the requirements for a default judgment were satisfied because the Edneys received notice of the foreclosure action and waived formal service of process, but failed to defend the action or dispute any of the factual allegations; the Clerk of Court entered default against them in January 2015; and they are not in the military nor are they infants or incompetent people. *Id.* In addition, the United States argued that the three factors for determining whether default judgment is

3

appropriate, as set forth in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000), were met. *Id.*

The United States included a Declaration of Certification of Government Records signed by Kimme R. Bryce, Area Director, United States Department of Agriculture, who had personal knowledge of the documents executed by the Edneys, which were maintained as part of the United States' business records. (Dkt. No. 11-1). Ms. Bryce also signed a Certificate of Indebtedness, attached to her Declaration, certifying that the Edneys were indebted to the United States in the amount stated on the attached Payoff Information Sheet, which itemized how the interest and costs on the account were calculated. (Dkt. No. 11-2).

Ms. Bryce asserted that, as of April 15, 2015, the Edneys were indebted to the United States in the principal amount of $51,504.64; plus accrued interest from July 20, 2007 to April 15, 2015 in the amount of $34,867.94; plus taxes, title search and caretaker fees of $5,881.71; plus interest on those fees of $1,755.71; for a total indebtedness of $94,010.00. In addition, $12.3470 in per diem interest on the principal and $1.4099 in per diem interest on the fees accrues from April 16, 2015 until the date of Judgment. (Dkt. No. 11-2).

The United States also provided a Declaration of Angela Tyson-Floyd, Esq., counsel for the United States, who averred that both Defendants acknowledged service of the Complaint by mail, and returned to Plaintiff their waivers of service of process which were filed with this Court and, although they had sixty days after waiving service to file their answers, they failed to do so. As a result, the Clerk of Court entered default against them. (Dkt. No. 11-3). Further, neither Defendant was an infant or "incapacitated person," nor were they in the military service, as shown by an attached Status Report pursuant to the Servicemembers Civil Relief Act. (Dkt. Nos. 11-3. 11-4). Attorney Tyson-Floyd added that the search for Delta Edney on the Department of Defense

Manpower Data Center website was done twice, as she was known by a name other than Delta Edney (*i.e.* Delta A. Vallarde), but both searches attested to her non-military status. *Id.* Attorney Tyson-Floyd stated that she knew of no reason why default judgment against the Edneys should not be entered. *Id.*

## II. APPLICABLE LEGAL PRINCIPLES

In a motion for default judgment, "'the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment.'" *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co*., 189 F.2d 242, 244 (3d Cir. 1951). In the context of a grant of default judgment pursuant to Federal Rule of Civil Procedure 55, "'[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Star Pacific Corp.,* 574 F. App'x at 231 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

A motion for default judgment must contain evidence, by affidavits and/or documents, of the following:

> the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemembers] Civil Relief Act.

5

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

### III.   ANALYSIS

The United States has satisfied all of the requirements necessary to obtain a default judgment against the Edneys. It has properly shown that: (1) default was entered against the Edneys by the Clerk of the Court (Dkt. Nos. 7, 8), and (2) the Edneys have not appeared. Further in the Declaration of Counsel, Angela Tyson-Floyd, Esq. averred, upon information and belief that the Edneys are neither infants nor "incapacitated" people.[1] (Dkt. No. 11-3, ¶ 5); *see FirstBank Puerto Rico v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (holding that counsel's "information and belief" are sufficient grounds upon which to find that a non-appearing defendant is not a minor or incompetent person for the purposes of obtaining a default judgment). Attorney Tyson-Floyd also declared, and the record shows, that the Edneys have been validly served with all pleadings and acknowledged service of the Complaint by mail, returning their waivers of service of process that had been filed with the Court (Dkt. Nos. 3, 4, 11-3). In addition, the United

---

[1] Pursuant to Rule 55(b)(1), a party seeking default judgment must show that the defendant who has defaulted "is neither a minor nor an incompetent person." While "incompetent" and "incapacitated" are not synonymous, the Court will not require the United States to resubmit its attorney declaration on this point.

States provided a copy of the Military Status Reports from the Department of Defense Manpower Data Center showing that the Edneys are not members of the military service as defined in the Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 11-3, ¶ 6; Dkt. No. 11-4). Further, the United States has shown with specificity how it calculated the amount of monies due by providing the Affidavit of Kimme Bryce, a Certificate of Indebtedness, and a Payoff Information Sheet. (Dkt. Nos. 11-1, 11-2).

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Plaintiff resulting from the apparent absence of a litigable defense by the Edneys renders default judgment appropriate. In addition, the Edneys' default was a result of their culpable conduct as evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment against Defendant the Edneys is appropriate.

## IV.   CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff's Motion for Default Judgment against Defendants Orsel R. Edney and Delta Edney. (Dkt. No. 10).

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: March 8, 2016                                  _____/s/_____
                                                     WILMA A. LEWIS
                                                     Chief Judge